UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| LARRY SHANE MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Nos. 2:16-CV-217, 2:12-CR-67 |
| v. | ) | *Judge Jordan* |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Larry Shane Morgan's counseled motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is before the Court for resolution [Doc. 1].[1] Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. The United States responded in opposition [Doc. 3]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. Because the record in this case establishes conclusively that Petitioner is not entitled to relief under § 2255, no evidentiary hearing is necessary. *See* Rule 8(a), Rules Governing § 2255 Cases. For the following reasons, Petitioner's § 2255 motion [Doc. 1] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Petitioner was charged in a superseding indictment with aiding and abetting a Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); aiding and abetting the use, carrying, brandishing or discharge of a firearm during and in relation to a crime of violence, in violation of

---

[1] Unless otherwise indicated, document references in this Opinion are to Case No. 2:16-CV-217.

18 U.S.C. § 924(c)(1)(A) (Count 2); armed bank robbery, a violation of 18 U.S.C. § 2113(a) and (d) (Count 3); using, carrying, brandishing or discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and § 924(c)(1)(C)(i) (Count 4); and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (Counts 5-6) [Doc. 27 (sealed), Case No. 2:12-CR-17].

The facts surrounding the offenses are taken from the Sixth Circuit's opinion on direct review of Petitioner's convictions [Doc. 285, *United States v. Morgan*, Nos. 13-6232/2233 (6th Cir. Feb. 11, 2015 (Order), Case No. 2:12-CR-67]. The charges in Counts 1 and 2 (Hobbs Act robbery and aiding and abetting the use or carrying of a firearm during and in relation to a crime of violence) stemmed from a robbery of a convenience store by a man and woman armed with firearms and wearing disguises. The man ordered the store clerk to get down on the floor and then fired a gunshot in the direction of the store clerk. The man placed the money from the cash register in a mesh bank, and, despite the store clerk's compliance with the man's orders, he hit the clerk on the head with the firearm.

The offenses of bank robbery and using or carrying a firearm during and in relation to a crime of violence, as charged in Counts 3 and 4, had their genesis in a bank robbery that was committed less than one week later. The perpetrator of the bank robbery was a lone man and he too was disguised. The man fired a shot in the direction of the tellers, told them to get down on the floor, and ordered them to place the money in a mesh bag. When Petitioner was apprehended, he was carrying some of the bank's "bait" money.[2]

---

[2] According to the head bank teller's trial testimony, she retrieved from her drawer "bait" money, which she described as bills whose serial numbers are recorded for tracking purposes in the event of a bank robbery, and placed it in the man's mesh bag [Doc. 266, Trial Tr. at 241, Case No. 2:12-CR-67].

During a three-day trial in mid-October, 2012, Petitioner's co-defendant identified Petitioner as the man who participated in the criminal episodes, and the jury then convicted Petitioner of the charged offenses [Docs. 186 (Criminal Minutes); 188 (Redacted Verdict); and 266 (Trial Tr.), Case No. 2:12-CR-67]. A Presentence Investigation Report ("PSR") was ordered to assist the Court with sentencing.

In the PSR, the probation officer found, for the Hobbs Act robbery in Count 1, a base offense level of 20, pursuant to U.S.S.G. § 2B3.1 [PSR ¶ 21]. The base level offense was increased by four points—two points, under U.S.S.G. § 2B3.1(b)(3)(A), for bodily injury of the victim who was hit in the head, and two points, pursuant to U.S.S.G. § 3B1.1(c), for Petitioner's organizer or leadership role in the offense [PSR ¶¶ 22, 24]—resulting in an adjusted offense level of 24 [PSR ¶ 26].

The base level offense for the armed bank robbery in Count 3 also was 20, pursuant to U.S.S.G. § 2B3.1(4)(6)(A). Adding two points under U.S.S.G. § 3B3.1(b)(1) for the taking of a financial institution's property and one point for a loss of more than $10,000 but less than $50,000 under U.S.S.G. § 2B3.1(b)(7)(B) yielded an adjustment offense level of 23. The probation officer used the greater of the above two adjusted offense levels, i.e., 24, calculated the multiple count adjustment at 3 units, and with that three-level increase, determined that the combined adjusted offense level on both counts was 27, which was also the total offense level.

Counts 5 and 6 (felon in possession of ammunition) were grouped for guideline calculation purposes. The base level offense for that crime was 20, pursuant to § 2K2.1(a)(4)(A). No adjustments were applied, so the adjusted offense level remained 20.

Minimum statutory sentences were tied to the convictions in Counts 2 and 4 (the § 923(c)(3) offenses), meaning that the guideline sentences for those offenses would be the

minimum statutory terms of imprisonment (5 years for Count 2 and 25 years for Count 4) [PSR ¶¶ 41-44]. Petitioner's criminal history category was III, which along with his total offense level of 27, resulted in a guideline imprisonment range of 87 to 108 months [PSR ¶¶ 57, 7].

After resolving Petitioner's objections to the PSR, the Court sentenced Petitioner to a total 447 month's imprisonment, consisting of 87 months for Counts One, Three, Five, and Six; a consecutive 60 months on Count Two; and a consecutive 300 months on Count Four, to be followed by five years on supervised release [Docs. 243 (notice of objections), 255 (order on objections), 258 (criminal minutes) and 259 (judgment), Case No. 2:12-CR-67]. Judgment entered on August 30, 2013 [Doc. 259 (judgment), Case No. 2:12-CR-67].

On direct appeal, Petitioner's convictions and sentences were affirmed [Doc. 285, *United States v. Morgan*, Nos. 13-6232/2233 (6th Cir. Feb. 11, 2015 (Order), Case No. 2:12-CR-67]. Thereafter, Petitioner, through counsel, filed this motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Doc. 1].

## II.     STANDARD OF REVIEW

This Court must vacate and set aside Petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . ." 28 U.S.C. § 2255. A constitutional error warrants relief under 28 U.S.C. § 2255 if it is of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion). A petitioner "must clear a significantly higher hurdle than would exist on direct

4

appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

## III. DISCUSSION

### A. The Claims

Petitioner challenges his § 924(c) convictions, arguing that *Johnson*'s invalidation of the ACCA's residual clause[3] applies with equal force to the definition of a crime of violence in § 924(c)'s residual clause[4] [Doc. 1]. Petitioner points out that *Johnson* established a new substantive rule of constitutional law that applies retroactively to collateral review cases, citing *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) [Doc. 1 at 2]. Petitioner acknowledges that the Sixth Circuit held, in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), that *Johnson* did not affect the residual clause of § 924(c)(3) [Doc. 1 at 5]. Nonetheless, Petitioner states that he disagrees with the ruling in *Taylor* and indicates that, since there is a circuit split on this issue, he is preserving his claims in the event that *Taylor* is overturned by the Supreme Court [Doc. 1 at 5]. Petitioner posits that, if the Supreme Court holds that § 924(c)(3)(B)'s residual clause is

---

[3] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause— that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

[4] Section 924(c) defines a crime of violence as "an offense that is a felony and—(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3). Subsection A of § 924(c)(3) is called the "elements" or "use-of-force" clause, whereas subsection B is known as the "residual" clause. *Jones v. Warden,* No. 5:18-CV-465, 2019 WL 3046101, at *2 (E.D. Ky. July 11, 2019).

unconstitutionally vague and overrules *Taylo*r, he then would be eligible for a sentence reduction [Doc. 1 at 5].

A separate issue, Petitioner claims, is whether, after *Johnson,* the Hobbs Act robbery, laid out in 18 U.S.C. § 1951, qualifies as a "crime of violence" under § 924(c)(3)(A) so as to trigger the enhanced punishment set forth in §§ 924(c)(A) and 924(c)(a)(C)(i) [Doc. 1 at 5]. Petitioner argues, along these lines, that a Hobbs Act robbery may be accomplished by placing one in fear of injury either to his person or property and that neither type of fear necessarily requires the use of physical force [Doc. 1 at 5-7]. To illustrate his point, Petitioner maintains that a defendant can place another in fear of injury to his person by threats of varying kinds, e.g., by threatening to poison a person, to lock a person up in a car on a hot day or in an abandoned site without food or shelter, none of which categorically mandate the use of physical force [Doc. 1 at 6-7]. Similarly, Petitioner argues that a defendant may place another in fear of injury to his property, e.g., by threatening to throw paint on his house or car or to spill water on his will, and that these acts do not necessarily require the use of physical force either [Doc. 1 at 7 n. 8].

**B.   Law and Analysis**

After Petitioner submitted his § 2255 motion, the Supreme Court denied the petition for certiorari filed in *Taylor* and denied the petition for a rehearing. *Taylor v. United States*, 138 S. Ct. 1975, 1976, 201 L. Ed. 2d 247, *reh'g denied*, 138 S. Ct. 2646, 201 L. Ed. 2d 1045 (2018). Yet, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court found that § 924(c)(3)(B)'s definition of a violent felony that establishes a mandatory minimum sentence for a conviction for using or carrying a firearm during and in relation to a crime of violence is unconstitutionally vague, *id* at 2336, a decision that "effectively invalidat[ed]" the residual clause of that statute. *See Coleman v. United States*, No. 3:16-CV-01552, 2019 WL 2763906, at *3 (M.D. Tenn. July 2,

2019) (granting § 2255 relief on a conviction predicated on the "crime of violence" definition in the residual clause in § 924(c)(3)(B)). Thus, a conviction or sentence subject to the enhancement provision in § 923(c)(3)(B) may support relief.

Here, *Davis* does not support relief because its holding had no effect on Petitioner's sentence. Petitioner was not sentenced in reliance on § 924(c)(3)(B)'s residual clause that *Davis* found to be unconstitutional. Instead, Petitioner's criminal conduct qualified him for enhanced sentencing on his § 924(c) conviction in Count 2 based on the "elements" clause in § 924(c)(3)(A). As the Sixth Circuit has ruled, a Hobbs Act robbery is a "crime of violence" that supports a § 924(c)(3)(A) conviction because it has as an element "the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (listing cases), *cert. denied*, 137 S. Ct. 2230 (2017). Additionally, the Sixth Circuit has concluded, applying the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575, 599-89 (1990), that a bank robbery, in violation of 18 U.S.C. § 2113(a), is a crime of violence, even if it is accomplished solely by intimidation. *United States v. McBride*, 826 F.3d 293, 295–96 (6th Cir. 2016).

Accordingly, Petitioner's sentences for using or carrying a firearm during and in relation to a crime of violence did not implicate § 924(c)(3)(B)'s residual clause; a Hobbs Act robbery and a bank robbery "by force and violence or by intimidation" are both crimes of violence that qualify as underlying offenses under § 924(c)(3)(A)'s elements clause, *Gooch*, 850 F.3d at 292; *McBride*, 826 F.3d 293, 295–96; and neither *Johnson* nor *Davis* furnish grounds for granting Petitioner relief from his sentences on Counts 2 and 4, which he requests as a remedy in his pending § motion to vacate.

## IV. CONCLUSION

Based on the foregoing law and analysis, Petitioner's motion to vacate, set aside, or correct a sentence [Doc. 1] will be **DENIED** and **DISMISSED**. The Court will also **CERTIFY** that any appeal from this action would not be taken in good faith, Fed. R. App. P. 24(a), and thus will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge